**FILED**

**OCT 2 1 2005**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

CERTAIN INTERESTED UNDERWRITERS    :
AT LLOYD'S LONDON SUSCRIBING TO
CERTIFICATE NUMBERS 0475/ATR040,    :
0382/DPM054, and 0984/SMP579
Suite 405 New Loom House    :
101 Black Church Lane
London E1 1LU    :

      *Plaintiff,*    :

v.    :

EZANA CORPORATION    :
5005 D. Street, SE
Washington, D.C. 20020    :    Civil Case No.:_____

      Serve On:    :    CASE NUMBER   1:05CV02076
      Registered Agent
      Hassett Corporation    :    JUDGE: Paul L. Friedman
      4600 King Street, Suite 4L
      Alexandria, Virginia 22302    DECK TYPE: Contract

      DATE STAMP: 10/21/2005

and    :

ABID KARRAKCHOU    :
1530 N. Key Blvd., Apt. 815
Arlington, Virginia 22209    :

and    :

MEKKI, LLC    :
1530 N. Key Blvd., Apt. 815
Arlington, Virginia 22209    :

      Serve On:    :
      Registered Agent
      Abid Karrakchou    :
      1530 N. Key Blvd., Apt. 815
      Arlington, Virginia 22209    :

   :

and    :

   :

1

ACE INSURANCE SERVICES OF VA, INC.        :
7794 Ballston Drive
Springfield, Virginia 22153-2302            :

    Serve On:                                       :
    Registered Agent                           :
    Samuel Bekele
    5622 Columbia Pike, Suite 207        :
    Falls Church, Virginia 22041

                            :
    *Defendants.*

                            :

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, the Plaintiff, Certain Interested Underwriters at Lloyd's London

Subscribing To Certificate Numbers 0475/ATR049, 0382/DPM054, and 0984/SMP579

(hereinafter "Lloyd's"), through undersigned counsel, and for its Complaint for Declaratory

Judgment respectfully shows:

1.    This is an action for declaratory judgment brought pursuant to Rule 57 of the

Federal Rules of Civil Procedure and Section 2201 of Title 28 of the United States Code to

declare the rights and other legal relations surrounding questions of actual controversy that

presently exist between Lloyd's and the Defendants, Ezana Corporation (hereinafter "Ezana"),

Abid Karrakchou (hereinafter "Mr. Karrakchou"), Mekki, LLC (hereinafter "Mekki") and Ace

Insurance Services of VA, Inc. (hereinafter "Ace Insurance").

## JURISDICTION

2.    This action is one in which the Court has original jurisdiction under the provisions

2

of Section 1332 of Title 28 of the United States Code, in that it is a civil action between citizens

of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of

interest and costs.

3.     Plaintiff Lloyd's is a British corporation organized under the laws of the United

Kingdom and maintains its principal place of business in London, England.

4.     Upon information and belief, Defendant Ezana is a corporation organized and

existing under the laws of the Commonwealth of Virginia and has its principal place of business

in Washington, D.C.

5.     Upon information and belief, Defendant Abid Karrakchou is a citizen of the

Commonwealth of Virginia residing in Arlington, Virginia.

6.     Upon information and belief, Defendant Mekki is a corporation organized and

existing under the laws of the Commonwealth of Virginia and has its principal place of business

in Arlington, Virginia.

7.     Upon information and belief, Defendant Ace Insurance is a corporation organized

and existing under the laws of the Commonwealth of Virginia and has its principal place of

business in Springfield, Virginia.

## **VENUE**

8.     The venue of this action is properly predicated upon Section 1391(a) of Title 28

of the United States Code, in that jurisdiction is founded on diversity of citizenship and this

action is brought within the judicial district where the property that is the subject of the action is

situated.

## STATEMENT OF CLAIM

9.    On or about June 17, 2004, Ezana and Mekki purchased a property with three adjoining buildings containing 27 apartments, located at 5005 through 5009 D. Street, S.E. in Washington, D.C. (hereinafter the "property"). Ezana and Mekki planned to close the building and renovate it into condominiums.

10.    At the time of the purchase, Ezana owned 25% of the property and building and Mekki owned the remaining 75% interest.

11.    On or about June 28, 2004, Mr. Alexander Matthews, the president of Ezana, employed Sam Bekele, the president of Ace Insurance, to purchase a policy of insurance to cover the property.

12.    The application for insurance reflected the property as two detached buildings, where twenty-two apartments were rented and five apartments were vacant.

13.    In addition, the application for insurance only listed Ezana as a named insured.

14.    Based on those representations, Lloyd's issued a commercial general liability policy and a building and personal property policy to Ezana. See Certified Copy of the General Liability Policy and the Building and Personal Property Policy, attached hereto as Exhibit A.

15.    Subsequent to the issuance of the policy, an endorsement was issued on or about July 7, 2004 to reflect Mr. Karrakchou, individually, as a named insured, effective June 28, 2004.

16.    Upon information and belief, Mr. Matthews informed Mr. Bekele that Mekki had to be placed on the policy, that only nine apartments were occupied, that eighteen apartments were vacant, and that the property consisted of three adjoining buildings. This information was never communicated to Lloyds.

17.    On or about October 14, 2004, Ezana and Mekki entered into a contract of sale to

sell the property to Marshall Heights Condos, LLC (hereinafter "Marshall").

18.    On or about October 25 or 26, 2004, vandalism occurred to the property while Ezana and Mekki were under contract with Marshall.

19.    Specifically, vandals broke into the building, cut into the walls and the main feeder route for the electrical work and took out copper piping, including the sewage pipe, water pipe and the main electrical line to the building.  As a result of this vandalism, water flowed from Ezana's and Mekki's building into a neighboring building.

20.    On or about October 25 or 26, 2004, the District of Columbia Environmental Crimes Unit contacted Mr. Matthews of Ezana to inform him of the problem and arrange for a site inspection.

21.    On or about October 26 or 27, 2004, after an evaluation of the site, the building was condemned.

22.    As a result of the condemnation, the District of Columbia Environmental Crimes Unit required Mr. Matthews to relocate the tenants and protect the personal property of the relocated tenants.

23.    In addition, Bread for the City and Arnold & Porter filed a lawsuit against Ezana and Mekki on behalf of the tenants.  The lawsuit was subsequently settled by Ezana's and Mekki's attorney.  The precise allegations of the lawsuit are unknown to Lloyd's as it has not been provided to Lloyd's.

24.    On or about December 9, 2004, Mr. Matthews reported the property loss to Lloyd's.  However, no claim to Lloyd's has been made under the liability policy by the insureds.

25.    Although Marshall wanted to proceed with the sale of the property in question,

despite the vandalism, Mekki decided to continue with its conversion project and managed to

secure a release from Marshall. Thus, in early January 2005, Marshall executed a release,

thereby negating the contract of sale.

26.    Subsequent to Marshall's release, Mekki obtained Ezana's 25% interest.

27.    In April 2005, Lloyd's canceled the insurance policy with Ezana and Mr.

Karrakchou because of the condition of the property.

28.    The building and personal property policy requires the insured to give the insurer

prompt notice of the loss or damage.

29.    The building and personal property policy requires the insured to, as soon as

possible, give the insurer a description of how, when and where the loss or damage occurred.

30.    The building and personal property policy states that the insurer will not pay the

insured more than the insured's financial interest.

31.    The building and personal property policy specifically excludes losses caused by

vandalism and water damage where the building was vacant as defined by the policy for more

than 60 consecutive days before that loss or damage occurs.

32.    The building and personal property policy specifically excludes losses caused

directly or indirectly by water, regardless of any other cause or event that contributes

concurrently or in any sequence to the loss.

33.    The building and personal property policy specifically precludes the insured from

transferring its rights and duties under the policy without the insurer's written consent.

34.    The commercial general liability policy only applies to bodily injury, property

damage, personal and advertising injury and medical expenses arising out of the ownership,

maintenance or use of the premises shown in the Schedule and operations necessary or incidental

to those premises.

35.    The commercial general liability policy specifically excludes damage to property.

36.    The commercial general liability policy requires the insured to notify the insurer

of an occurrence or an offense which may result in a claim as soon as practicable.

37.    The commercial general liability policy specifically requires the insured to

immediately record the specifics of the claim or suit and the date received and notify the insurer

as soon as practicable.  The policy also requires the insured to see to it that the insurer receives

written notice of the claim or suit as soon as practicable, and immediately send the insurer copies

of any legal papers received in connection with the claim or suit.

38.    The commercial general liability policy expressly states that no insured will,

except at that insured's own cost, voluntarily make a payment, assume any obligation or incur

any expense, other than for first aid, without the insurer's consent.

39.    The commercial general liability policy specifically excludes any claim for

punitive, exemplary damages, fines, or penalties of any kind whatsoever.

40.    Plaintiff reserves the right to assert other defenses to the claim, as well as

exclusions and conditions, as they become evident during the course of this litigation.

41.    Plaintiff seeks a declaratory judgment as to the parties' respective rights and

obligations relevant to the insurance policies in question.

WHEREFORE, Plaintiff respectfully prays:

(1)    That this Court enter judgment declaring that Plaintiff is not liable to

Defendants under the terms and conditions of the relevant insurance

policies and/or applicable law;

(2)    That the Court enter judgment declaring the parties' respective rights and

obligations with respect to the claims asserted by Defendants; and

(3)    That this Court award Plaintiff its costs associated with maintaining this

action, along with any further relief this Court may deem just and proper.


Respectfully submitted,

JEFFREY A. WOTHERS, Bar No. 436137
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202-6185
(410) 783-6365
*Counsel for Plaintiff*

8

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

CERTAIN INTERESTED UNDERWRITERS            :
AT LLOYD'S LONDON SUSCRIBING TO
CERTIFICATE NUMBERS 0475/ATR040,           :
0382/DPM054, and 0984/SMP579
Suite 405 New Loom House                   :
101 Black Church Lane
London E1 1LU                              :

     *Plaintiff,*                             :

v.                                         :

EZANA CORPORATION                          :
5005 D. Street, SE
Washington, D.C. 20020                     :       Civil Case No.:_____

     Serve On:                            :
     Registered Agent
     Hassett Corporation                  :
     4600 King Street, Suite 4L
     Alexandria, Virginia 22302           :

and                                        :

ABID KARRAKCHOU                            :
1530 N. Key Blvd., Apt. 815
Arlington, Virginia 22209                  :

and                                        :

MEKKI, LLC                                 :
1530 N. Key Blvd., Apt. 815
Arlington, Virginia 22209                  :

     Serve On:                            :
     Registered Agent
     Abid Karrakchou                      :
     1530 N. Key Blvd., Apt. 815
     Arlington, Virginia 22209            :

                                          :

and                                        :

                                          :