UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S SUBSCRIBING TO CERTIFICATE NUMBERS 0475/ATR040, 0382/DPM054, and 0984/SMP579, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Case No.: 1:05-cv-2076 (PLF) |
| EZANA CORPORATION, *et al.,* | : : | |
| Defendants. | : | |

## ACE INSURANCE OF VA, INC.'S
## MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

COMES NOW, Defendant, Ace Insurance of VA, Inc. ("Ace Insurance"), by counsel, CARR MALONEY P.C., and pursuant to F.R.C.P. 12(b)(6) files this Motion to Dismiss as plaintiff has failed to state a claim upon which relief may be granted.  In the alternative, Ace Insurance requests that summary judgment be entered in its favor pursuant to F.R.C.P. 56 as there are no genuine issues of material fact in dispute, and this defendant is entitled to judgment as a matter of law.

WHEREFORE, it is respectfully requested that judgment be entered in favor of defendant, Ace Insurance of VA, Inc., and against plaintiff, Certain Interested Underwriters at Lloyd's. Defendant Ace Insurance incorporates herein by reference the Memorandum of Points and Authorities in Support of this Motion.

Respectfully submitted,

CARR MALONEY P.C.

By: _____/s/_____

Paul J. Maloney, #362533
Cedric D. Miller, #464651
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Motion to Dismiss and/or Motion for Summary Judgment* was filed electronically on this 23rd day of December, 2005 and sent via first class mail to:

Jeffrey A. Wothers, Esquire
Niles, Barton & Wilmer, LLP
111 S. Calvert Street
Suite 1400
Baltimore, Maryland  21202-6185

James T. Zelloe, Esquire
Stahl, Forrest & Zelloe, P.C.
11350 Random Hills Road
Suite 700
Fairfax, Virginia 22030

_____/s/_____
Paul J. Maloney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| CERTAIN INTERESTED UNDERWRITERS | : | |
| AT LLOYD'S SUBSCRIBING TO | : | |
| CERTIFICATE NUMBERS 0475/ATR040, | : | |
| 0382/DPM054, and 0984/SMP579, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:05-cv-2076 (PLF) |
| | : | |
| EZANA CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT, ACE INSURANCE OF VA, INC.'S
<u>MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT</u>**

Ace Insurance submits this Memorandum of Points and Authorities in support of its Motion.

## I.    <u>STATEMENT OF FACTS NOT IN DISPUTE</u>

Plaintiff, Certain Interested Underwriters at Lloyd's Subscribing to Certificate Numbers 0475/ATR040, 0382/DPM054, and 0984/SMP579 ("Plaintiff") seeks a declaratory judgment asking that "this Court enter judgment declaring that Plaintiff is not liable to Defendants under the terms and conditions of the relevant insurance policies and/or applicable law. (Complaint, ¶¶28-41 and p. 8, ¶1.) For the Court's convenience, the following insurance policies are the ones that form the basis of Plaintiff's lawsuit: 0475/ATR049[1]; 0984/AMP579; and 0382/DPM054, Declaration page attached hereto as Exhibit A.

---

[1]    Plaintiff has incorrectly identified Certificate Number 0475/ATR049 as 0475/ATR040.

The relevant and undisputed facts are as follows.

1.     Defendants, Ezana Corporation ("Ezana") and Mekki, LLC ("Mekki"), purchased property located at 5005-5009 D Street, S.E. on or about June 17, 2004 (Complaint, ¶9).  Plaintiff alleges that the property consisted of three adjoining buildings containing 27 apartments, which Defendants Ezana and Mekki planned to close and renovate for condominium use.

2.     On or about June 23, 2004, Mr. Alexander Matthews, President of Ezana, requested that Samuel Bekele, ("Mr. Bekele") President of Ace Insurance, assist in obtaining an insurance policy to cover the subject property (Complaint, ¶11).

3.     Mr. Bekele obtained the relevant policy information from Mr. Matthews.   An application for insurance was then submitted through All Risks Limited ("All Risks"), as broker for Lloyd's of London, ("Lloyd's"), which in turn submitted the application to Lloyd's for an insurance quote.  (Bekele Affidavit, ¶7, attached hereto as Exhibit B.)  A binder issued on or about June 28, 2004.  (See Binder, attached hereto as Exhibit C.)  The binder was subject to a completed, signed application, as well as an inspection of the property within 30 days.  (See Complaint; Attachment D, PLTF. 104-07; and, Bekele Affidavit ¶7.)  Subsequent thereto, an endorsement was issued to reflect that Mr. Abid Karrakchou was individually named as an insured effective June 28, 2004.  (Bekele Affidavit, ¶8 and Complaint, ¶15).  On July 12, 2005, James T. Zelloe, counsel for Ezana, requested that insurance also be placed for Mekki (Bekele Affidavit ¶8.)  At all relevant times, All Risks communicated with Lloyd's regarding the insurance policies.  (Bekele Affidavit ¶9.)  Mr. Bekele never had any direct contact with any individual from Lloyd's.  (Bekele Affidavit ¶9.)

4.     All information provided in the Commercial Insurance Application, attached hereto

as Exhibit E, was given to Mr. Bekele by Mr. Matthews.  Mr. Bekele had no duty to investigate the information provided by Mr. Matthews.  Plaintiff apparently contends that Mr. Matthews provided certain information to Mr. Bekele, and that this information was not included in the application or on the insurance policy.  (Complaint, ¶16).  Mr. Bekele denies that this allegation is accurate, and it is not material for a determination of this Motion.

5.     Plaintiff alleges that there was a loss on the subject property due to vandalism on or about October 25 or 26, 2004, and that the property was subsequently condemned.  (Complaint, ¶¶18-21).  Plaintiff alleges that various tenants subsequently filed suit against Ezana and Mekki, and that the lawsuits have been resolved.  (Complaint, ¶23).  Plaintiff further contends that Mr. Matthews reported the property loss to Lloyd's on December 9, 2004, and that no claim has ever been made under the liability policy issued by Lloyd's.  (Complaint, ¶24).

6.     Finally, plaintiff contends that on April 25, 2005, Lloyd's cancelled its insurance policy due to the condition of the property.

It is clear from a review of the Complaint that the allegations herein involve a dispute between an insurer (Lloyd's) and its insured (defendants Ezana Corporation, Abid Karrakchou, and Mekki, LLC).  Lloyd's contends that it has no coverage pursuant to the insurance issued.  If this assertion is correct, and if this Court determines there was no coverage, then Ace Insurance has no involvement in the lawsuit.  If, on the other hand, the Court determines that Lloyd's does have coverage for the property at issue, then the rights between the respective parties will have been decided, and there is no basis for a cause of action against Ace Insurance.  Thus, whatever decision is made by this Court, such decision does not involve Ace Insurance, and it should not be a party to this litigation.

## II.    SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss a Complaint if it fails to state a claim upon which relief can be granted.  F.R.C.P. Civ. 12(b)(6).  The Complaint herein should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle the party to relief.  *Conely v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 91, 2 L.Ed. 2d 80 (1957).  In considering a Motion to Dismiss, the claims must be construed in a light most favorable to the non-moving party and its allegations taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421-422, 89 S. Ct. 1843, 23 L.Ed. 2d 404 (1969).  To survive a Motion to Dismiss pursuant to Rule 12(b)(6), a Complaint must either direct or refer allegations respecting all material elements to sustain a recovery under some viable legal theory.  *Begala v. PNC Bank N.A.*, 214 F.3d 776, 779 (6th Cir. 2000).  Although the standard for Rule 12(b)(6) dismissal is quite liberal, more than bare assertions of legal conclusions are ordinarily required to satisfy the federal notice pleading requirements. *Id*.

If the Court goes beyond the four corners of the instant Complaint to consider extraneous matters, then the Court may decide the instant Motion pursuant to Fed.R.Civ.P. 56.  A district court may grant a motion for summary judgment only where it finds "that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c).  To support a motion for summary judgment, "the moving party [has] the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The moving party on a summary judgment motion need not produce evidence, but simply

can argue that there is an absence of evidence by which the nonmovant can prove his case. Fed. R. Civ. P. 56 does not require the moving party to negate the elements of the nonmoving party's case; to the contrary, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Fed. R. Civ. P. 56(c) is satisfied. *Cray Communications v. Novatel Computer Sys.*, 33 F.3d 390, (4th Cir. 1994); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720, at 10 (2d ed. Supp. 1994); see *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The United States Supreme Court addressed the procedural mechanics of summary judgment in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *See also Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). In *Celotex*, the Court indicated that a defendant moving for summary judgment meets its initial burden of production simply by indicating an absence of evidence in the record to support the plaintiff's claim. 477 U.S. at 325. The burden then shifts to the non-moving party, who must "go beyond the pleadings" to designate specific facts which show there is a genuine triable issue. *Id.* at 324.

The intent of these three cases is clear. The Court has:

> a strong belief in the efficacy of summary judgment to dispose of useless claims, as evidenced by its relaxation of the traditional burden a movant had to bear to win a summary judgment motion. The Court correspondingly made it more difficult for a non-movant to overcome a summary judgment motion.

37 *Emory Law Journal*, 171, 206 (1988). Furthermore, these three decisions articulate the merits

of using summary judgment, and are "having an influential and liberalizing impact on summary judgment in all courts." *Id.* at 209-210. Considered in conjunction, the opinions clearly demonstrate that the Court intended to encourage the use of summary judgment in appropriate cases. 40 *Hastings L.J.* 54 (1988).


### III.    ARGUMENT

#### a.    There Is No Basis For A Declaratory Judgment Action Against Ace Insurance

At the outset, it is crucial to note that the underlying insurance contract was between Lloyd's and the other defendants to this litigation. Therefore, there is no privity of contract between the current plaintiffs and this defendant, and the matter to be decided by the Court, namely, the rights and responsibilities of the respective parties to the insurance contract can be decided without the presence of this defendant. See e.g., *Cornhill Ins. PLC. v. Valsamis, Inc.*, 106 F.3d 80 (5th Cir. 1997) (Insurance agent and broker for policies were not indispensable parties for insurer's declaratory judgment action, which was brought in Federal Court to determine if the policies covered a sexual harassment claim, where district court's decision rested solely on contractual language in the policies, and those parties with interest in interpretation of that language were present in the declaratory judgment action); see also *American Equity Ins. Co. v. Lignetics*, Inc., 284 F. Supp. 2d 399 (N.D.W.V. 2003) (Insured's third party complaint against insurance agents would not be serviced or stayed on plaintiff insurer's motion in action seeking declaratory judgment that insurer had no duty to defend or indemnify in underlying actions, where legal issues involved in third party complaint concerned only insured and agents and were independent of facts that might be developed); and see *Coregis Ins. Co. v. Wheeler*, 180 F.R.D. 280 (E.D. Pa. 1998) (Insurance broker

who procured professional liability insurance for attorney was not a necessary party who had to be

joined in action brought by attorney's professional liability insurer seeking declaration of non-

coverage of legal malpractice claim, as complete relief can be achieved in a coverage action without

the presence of the insurance broker; and see *Commercial Cas. Ins. Co. v. Kinann*, 2003 WL

21321373 (N.D. Cal. 2003) (Although he was interested in the outcome of a declaratory judgment

action brought by commercial general liability insurer against insured and related defendants,

insurance broker was not a necessary or indispensable party whose absence provided a basis for the

district court to decline to exercise its discretion to hear insurer's actions, in that broker was not a

party to the insurance contract underlying insurer's claims that it had no duty to defend or indemnify

defendants in third-party action, and defendant's claims against broker would arise only if district

court concluded that insurer properly rescinded insurance policy or that coverage of the third-party

action was otherwise properly denied.)

Plaintiff has filed this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, *et

seq*. That act states, in pertinent part, that:

> In a case of actual controversy within its jurisdiction…any
> Court of the United States, upon the filing of an appropriate
> pleading may declare the rights and other legal relations of
> any interested party seeking such declaration, whether or not
> further relief is or could be sought…

28 USCA §2201(a).

While Plaintiff may be an interested party within this statute, its interest relates to its

insureds, and not to the insurance agent for the insureds. Ace Insurance is a disinterested third party

for purposes of the rights involving the coverage between Lloyd's and them. The contract dispute is

between those entities, and does not involve Ace Insurance. Ace Insurance is not an interested party

for purposes of the Declaratory Judgment Act being pursued by plaintiff, and as such, plaintiff is not entitled to relief against Ace Insurance.

      b.    <u>Defendant Ace Insurance Was Not Negligent</u>

An insurance agent, like any other agent, is required to exercise reasonable care, skill, diligence in the exercise of his employment, and if he fails to do so, he may be held responsible for any damage that results. *Max Holtzman, Inc. v. K &T Co., Inc.*, 375 A.2d 510, 514 (D.C. 1977). Furthermore, an insurance agent, acting on behalf of the disclosed carrier principal in procuring insurance policies for a client does not become a party to the insurance contract, and may not be liable for damages caused by breach of the insurance contract by the insurance company. *Emersons, Ltd. v. Max Wolman Co.*, 388 F.Supp. 729, 735 (D.C.D.C. 1975).

In the instant case, Lloyd's has not and cannot state a cause of action against Ace Insurance. Ace Insurance submitted a Commercial Insurance Application (Exhibit E) to All Risks with information provided by Mr. Matthews. If the information that Mr. Matthews provided was wrong, Ace Insurance had no independent duty to verify this. To the contrary, All Risks, or Lloyd's could have determined the accuracy of the information before issuing the insurance policy. In the alternative, Lloyd's could move to void the policy as it has done in the current litigation if the information provided by Mr. Matthews was inaccurate, and if Lloyd's relied upon it to its detriment. Under either circumstance, no cause of action has been stated or can be stated against Ace Insurance, and judgment must be entered in its favor.

      IV.   CONCLUSION

Plaintiff can prove no set of facts in support of their claims against Defendant Ace Insurance. It is undisputed that Ace Insurance relied upon information provided by Mr. Matthews in

submitting the Commercial Insurance Application to All Risks Insurance Company, which, in turn, submitted the application to Lloyd's.  The application resulted in a policy issued to co-defendants herein, and Lloyd's now questions whether the policy should have issued, and should provide coverage for the losses that have been incurred.  There is no indication that a claim has been made against Lloyd's to date.  To the extent that this is solely a declaratory judgment action between those parties, the determination of those rights does not impact Ace Insurance, and it should not be a party to same.

Respectfully submitted,

CARR MALONEY P.C.

By: _____/s/_____ _
Paul J. Maloney, #362533
Cedric D. Miller, #464651
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

CERTAIN INTERESTED UNDERWRITERS        :
AT LLOYD'S SUBSCRIBING TO              :
CERTIFICATE NUMBERS 0475/ATR040,       :
0382/DPM054, and 0984/SMP579,          :
                                       :
        Plaintiff,                     :
                                       :
    v.                                 :       Case No.: 1:05cv2076 (PLF)
                                       :
EZANA CORPORATION, *et al.,*           :
                                       :
        Defendants.                    :

### O R D E R

UPON CONSIDERATION of Defendant Ace Insurance of VA, Inc.'s Motion to Dismiss and/or for Summary Judgment, and any opposition thereto, it is by this Honorable Court on this _____ day of _____, 2006

ORDERED that defendant Ace Insurance of VA, Inc.'s Motion be, and the same hereby is GRANTED; and it is further

ORDERED, that judgment be and the same hereby is ENTERED in favor of Ace Insurance of VA, Inc. and against Certain Interested Underwriters at Lloyd's of London.


_____
Judge Paul L. Friedman

Copies To:  (next page)

cc:     Paul J. Maloney, Esquire
        Cedric D. Miller, Esquire
        Carr Maloney P.C.
        1615 L Street, N.W., Suite 500
        Washington, D.C.  20036

        Jeffrey A. Wothers, Esquire
        Niles, Barton & Wilmer, LLP
        111 S. Calvert Street
        Suite 1400
        Baltimore, Maryland  21202-6185

        James T. Zelloe, Esquire
        Stahl, Forrest & Zelloe, P.C.
        11350 Random Hills Road
        Suite 700
        Fairfax, Virginia 22030