IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

CERTAIN INTERESTED UNDERWRITERS
AT LLOYD'S LONDON SUBSCRIBING TO
CERTIFICATE NUMBERS 0475/ATR040,
0382/DPM054, and 0984/SMP579

                Plaintiff

v.                                            Civil Case No.:  1:05CV02076

EZANA CORPORATION, *et al*

                Defendants

## **ANSWER AND JURY DEMAND**

COMES NOW Defendants Ezana Corporation ("Ezana"), Abid Karrakchou ("Karrakchou"), and Mekki, LLC ("Mekki") by counsel (collectively referred to as "Mekki"), and states as follows:

1.  Mekki admits paragraph 1 of the Complaint.

2.  Mekki admits paragraph 2 of the Complaint.

3.  Mekki is without sufficient knowledge to form a belief as to the allegations of paragraph 3 of the Complaint, and therefore denies the same and demands strict proof.

4.  Mekki admits paragraph 4 of the Complaint.

5.  Mekki admits paragraph 5 of the Complaint.

6.  Mekki admits paragraph 6 of the Complaint.

7.  Mekki is without sufficient information to form a belief as to the allegations of paragraph 7 of the Complaint, and therefore denies the same and demands strict proof.

8. Mekki admits paragraph 8 of the Complaint.

9. Mekki admits that Ezana and Mekki purchased the property on or about June 17, 2004. Mekki denies that it planned to close the buildings. Mekki admits that it intended to renovate the apartments and convert them into condominiums at a later time.

10. Mekki admits paragraph 10 of the Complaint.

11. Mekki denies paragraph 11 of the Complaint.

12. Mekki is without sufficient information to form a belief as to the allegations of paragraph 12 of the Complaint, and therefore denies the same and demands strict proof.

13. Mekki is without sufficient information to form a belief as to the allegations of paragraph 13 of the Complaint, and therefore denies the same and demands strict proof.

14. Mekki is without sufficient information to form a belief as to the allegations of paragraph 14 of the Complaint regarding Lloyd's reliance on certain representation(s), and therefore denies the same and demands strict proof. Mekki admits that Lloyd's issued a commercial liability policy known as Exhibit A.

15. Mekki is without sufficient information to form a belief as to the allegations of paragraph 15 of the Complaint, and therefore denies the same and demands strict proof.

16. Mekki denies paragraph 16 of the Complaint.

17. Mekki is without sufficient information at this time to form a belief as to the allegations as to the date of the contract, and therefore denies the same and demands strict proof. Mekki admits that it entered into a contract to sell the property.

18. Mekki admits paragraph 18 of the Complaint.

19. Mekki admits paragraph 19 of the Complaint.

20. Mekki admits paragraph 20 of the Complaint.

21. Mekki admits paragraph 21 of the Complaint.

22. Mekki admits paragraph 22 of the Complaint.

23. Mekki admits paragraph 23 of the Complaint.

24. Mekki admits that it filed a claim with Lloyd's in early December, 2004. Mekki denies the remaining allegations of the paragraph 24 and dements strict proof.

25. Mekki admits that it did not want to sell the property to Marshall and obtained a release from it. Mekki denies the remaining allegations of paragraph 25 of the Complaint.

26. Mekki is without sufficient information at this time to know when it exactly obtained a release from Marshall. Mekki admits that it obtained a release approximately at the same time Mekki obtained the other 25% of the property from Ezana. Mekki denies the remaining allegations of paragraph 26 of the Complaint.

27. Mekki does not have sufficient knowledge as to form a belief as to the allegations of paragraph 27 of the Complaint, and therefore denies the same and demands strict proof.

28. Mekki states that the insurance policy speaks for itself. Mekki denies the remaining allegations of paragraph 28 that are not included in the insurance policy issued by Lloyd's.

29. Mekki states that the insurance policy speaks for itself. Mekki denies the remaining allegations of paragraph 29 that are not included in the insurance policy issued by Lloyd's.

30. Mekki states that the insurance policy speaks for itself. Mekki denies the remaining allegations of paragraph 30 that are not included in the insurance policy issued by Lloyd's.

31. Mekki states that the insurance policy speaks for itself. Mekki denies the remaining allegations of paragraph 31 that are not included in the insurance policy issued by Lloyd's.

32. Mekki states that the insurance policy speaks for itself. Mekki denies the remaining allegations of paragraph 32 that are not included in the insurance policy issued by Lloyd's.

33. Mekki states that the insurance policy speaks for itself. Mekki denies the remaining allegations of paragraph 33 that are not included in the insurance policy issued by Lloyd's.

34. Mekki states that the insurance policy speaks for itself. Mekki denies the remaining allegations of paragraph 34 that are not included in the insurance policy issued by Lloyd's.

35. Mekki states that the insurance policy speaks for itself. Mekki denies the remaining allegations of paragraph 35 that are not included in the insurance policy issued by Lloyd's.

36. Mekki states that the insurance policy speaks for itself. Mekki denies the remaining allegations of paragraph 36 that are not included in the insurance policy issued by Lloyd's.

37. Mekki states that the insurance policy speaks for itself.  Mekki denies the remaining allegations of paragraph 37 that are not included in the insurance policy issued by Lloyd's.

38. Mekki states that the insurance policy speaks for itself.  Mekki denies the remaining allegations of paragraph 38 that are not included in the insurance policy issued by Lloyd's.

39. Mekki states that the insurance policy speaks for itself.  Mekki denies the remaining allegations of paragraph 39 that are not included in the insurance policy issued by Lloyd's.

40. No need to respond.

41. Mekki admits paragraph 41.

42. Pursuant to Fed. R. Civ. P. 38, Mekki demands trial by jury of all issues of fact which may properly be presented to a jury for determination.

WHEREFORE, Mekki respectfully requests:

   (1)  That this Court enter judgment declaring that Mekki is insured pursuant to the terms and conditions of the insurance policy issued by Lloyd's;

   (2)  That this Court enter judgment declaring the parties' respective rights and obligations with respect to the claims asserted by the Defendants with Lloyd's;

   (3) That this Court enter judgment declaring that Lloyd's is required to pay Mekki the amount of money for the damages that it suffered due to the vandalism that occurred to the property; and

    (4)  That this Court award Mekki its costs and attorneys fees incurred with maintaining this action, along with any relief this Court may deem just and proper.

Respectfully submitted,

/s/ Richard J. Stahl
Richard J. Stahl, Esquire # 218677
James T. Zelloe, Esquire # 395126
Stahl, Forest & Zelloe, P.C.
11350 Random Hills Road, Suite 700
Fairfax, Va  22030
(703) 691-4940
(703) 691-4942 fax
Counsel for Ezana Corporation,
Abid Karrakchou, Mekki, LLC

Certificate of Service

I, James T. Zelloe, hereby certify that I have sent a copy of the foregoing Answer to :

Jeffrey A. Wothers, Esquire
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, MD  21202-6185

This 10th day of January, 2006.

/s/ Richard J. Stahl
Richard J. Stahl

6