IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO CERTIFICATE NUMBERS 0475/ATR040, 0382/DPM054, and 0984/SMP579 : : : | |
| *Plaintiff*, : | Civil Case No.: <u>1:05CV02076_PLF</u> |
| v. : | |
| EZANA CORPORATION, et al. : | |
| *Defendants.* | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT ACE INSURANCE OF VA. INC.'S
<u>MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT</u>**

Plaintiff, Certain Interested Underwriters At Lloyd's Subscribing to Certificate Numbers 0475/ATR040,0382/DPM054, and 0984/SMP579 ("Lloyds") by its undersigned counsel submits this Memorandum of Points and Authorities in Opposition to Defendant Ace Insurance of VA Inc.'s (hereinafter "Ace") Motion to Dismiss and/or for Summary Judgment and states as follows:

**I.     Introduction**

Pursuant to 28 U.S.C. §2201, Lloyds ("Plaintiff") filed this declaratory judgment action seeking to determine a binding adjudication of rights to clarify and settle the legal relations that presently exist between Lloyd's and the Defendants, Ezana Corporation ("Ezana"), Abid Karrakchou, Mekki, LLC ("Mekki"), and Ace.  In its Complaint for Declaratory Judgment, Plaintiff seeks this Court to enter judgment declaring the Plaintiff not liable to the Defendants under the terms and conditions of the relevant insurance policies and/or applicable law and

declare the parties' respective rights and obligations with respect to the claims asserted by the Defendants with regard to the loss they have sustained. Defendant Ace has moved to dismiss the Complaint against it or in the alternative moved that summary judgment be entered in its favor.

**II.     Statement of Facts**

In June of 2004, Ezana and Mekki purchased a property located at 5005 through 5009 D. Street, S.E. in Washington D.C. (hereinafter the "property") with the intention of renovating the building into condominiums. Compl. ¶9. This property consisted of three adjoining buildings containing 27 apartments. *Id.* On or about June 28, 2004, Mr. Alexander Matthews, the president of Ezana, employed Ace, to purchase an insurance policy for the property. Compl. ¶11. Mr. Matthews gave Sam Bekele, President of Ace, the information on the property. Examination Under Oath (EUO) of Ezana Corporation (hereinafter "Ezana EUO") 51:21-52:5, 61:11-12, 85:3-8, Mar. 23, 2005 (attached hereto as Exhibit A.) In his sworn testimony made under oath,[1] Mr. Matthews stated he informed Mr. Bekele that the insurance policy was to be made out to Ezana Corporation, Mr. Matthews, Mekki, and Abid Karrakchou, President of Mekki. Ezana EUO 61:6-8. Mr. Matthews also informed Mr. Bekele that the property consisted of three adjoining buildings containing twenty-seven apartments, s*ee* Ezana EUO 55:1-8, and that a few apartment units were rented but that the vast majority were not rented. Ezana EUO 85:3-8.

The application for insurance did not reflect the information provided by Mr. Matthews, but rather described the property as two detached buildings where twenty-two apartments were

---

[1] Pursuant to the contract of insurance issued by Lloyds on the property, the insured Ezana Corporation submitted to an examination under oath on March 23, 2005. Ezana's corporate designee, Mr. Alexander Matthews provided sworn testimony under oath.

2

rented and five apartments were vacant and listed only Ezana as the named insured.[2] Compl. ¶ 12, *See* Commercial Insurance Application at SB 004, (*listing the premises information as 1 location with two buildings, 5005 and 5007 D Street SE*)(attached as Exhibit E to Defendant Ace's Memorandum of Points and Authorities in Support of its Motion to Dismiss and/or for Summary Judgment (hereinafter "Def. Ace's Mot.").  However, in the Remarks section on a separate page of the application, the property is described as consisting of "three contigues (sic) apartment buildings."  *Id.* at SB009.

Based on these representations, Lloyd's issued a commercial general liability policy and a building and personal property policy to Ezana.  Compl. ¶14, Def. Ace's Mot. ¶3.  *See* Certified Copy of the General Liability Policy and the Building and Personal Property Policy, attached to Compl. as Exhibit A.  On or about July 7, 2004, after the policy was issued, an endorsement was issued to reflect that Mr. Abid Karrakchou was individually named as an insured effective June 28, 2004.  Compl. ¶15, Def. Ace's Mot. at ¶3 and Ex. E at SB 20.  Mr. Matthews however was unaware how or why this endorsement came into being as he requested the policy be made out to Mr. Karrakchou as well as Mekki, Ezana, and himself.  *See* Ezana EUO at ¶16-22.  Mr. Zelloe, counsel for Ezana and Mekki, requested that Ace name Mekki as an insured on the insurance policy through various phone messages to Ace and Mr. Bekele specifically.  Ezana EUO 63:12-64:10, Def. Ace's Mot. ¶3.  However, Mekki was never added as an insured to the policy.  Ezana EUO 64:9-10, *see* Def. Ace's Mot. Ex. E.

---

[2] In the EUO of Ezana Corporation, Mr. Matthews as Ezana Corporation's designee stated that he believed that Mr. Bekele had transposed the number of vacant apartments and occupied apartments listed in the Application for Insurance.  In the "Remarks" section, the application states the property consists of 27 apartment units of which 22 are rented and 5 vacant.  See Def. Ace's Ex. E at 6.  Mr. Matthews stated that he believed the numbers should go the other way.  Ezana EUO 57:13 -58:2, 85:9-14.

Mr. Bekele contends that the information on the application for insurance and the insurance policy was the information provided by Mr. Matthews. Def. Ace's Mot. ¶4. However, Mr. Matthews claims he provided Mr. Bekele with information different from the information included in the application or the policy. *See* Ezana EUO 61:6-8, 55:1-8, 85:3-8.

On or about October 25 or 26, 2004, vandalism occurred to the property causing cuts in the walls and the main feeder route for the electrical work as well as the removal of copper, water, and sewage pipe and the main electrical line to the building. Compl. ¶18-19. This resulted in water flowing from the property into a neighboring building and the property eventually being condemned. Compl. ¶19-21. On or about December 9, 2004, Mr. Matthews reported this loss to Lloyds, but has not made any claim under the liability policy. Compl. ¶24. In April 2005, Lloyd's canceled the insurance policy with Ezana and Mr. Karrakchou because of the condition of the property. Compl. ¶27.

### III.   Standard of Review

Pursuant to F.R.C.P. 12(b)(6), a defendant may move to dismiss a case when the plaintiff's complaint fails to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim under F.R.C.P. 12(b)(6) should only be granted when it appears "beyond doubt" that there is no set of facts that plaintiffs can prove that will entitle them to relief. *See Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1114 (D.C. Cir. 2000). "[A]t this stage in the proceedings, the Court must accept as true all of the complaint's factual allegations." *Johnson v. District of Columbia,* 190 F. Supp. 2d 34, 39 (D.D.C. 2002).

If, upon the filing of such a motion to dismiss, matters outside the pleadings are presented to the Court, "the motion shall be treated as one for summary judgment." F.R.C.P. 12 (b).

4

Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.  F.R.C.P. 56. Therefore, "the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact."  *Ross v. DynCorp*, 362 F. Supp. 2d 344, 350 (D.D.C. 2005) citing *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  If a Court determines that a reasonable jury could find in favor of the non-movant on a factual issue, a genuine dispute of material fact exists and precludes summary judgment. *Ross*, 362 F. Supp. 2d at 350-51 *citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  Generally, "when adjudicating a motion for summary judgment, the Court must 'assume the truth of all statements proffered by the party opposing summary judgment' and construe all evidence in favor of the non-moving party." *Ross*, 362 F. Supp. 2d at 351 *citing Greene v. Dalton,* 164 F.3d 671, 675 (D.C.Cir. 1999).

IV. **Argument**

   a. ***Plaintiffs have a proper basis for bringing a declaratory judgment action against Defendant Ace as Ace is interested in the subject of this litigation.***

Defendant Ace Insurance is an interested party to this declaratory judgment action.  The Declaratory Judgment Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. §2201.  Where possible, all interested parties should join in a declaratory judgment action "in order to avoid a piecemeal litigation of the matters in controversy."  *State Farm Mut. Auto. Ins. Co. v. Mid-Continent Cas. Co.*, 518 F.2d 292, 296 (10th Cir. 1975); *see also Diamond Shamrock Corp v. Lumbermens Mut. Cas. Co.,* 416 F.2d 707, 711 (7th Cir. 1969); *Allstate Ins. Co. v. Thompson*, 121 F. Supp. 696, 701 (D. Ark. 1954).  Moreover, the Declaratory Judgment Act "should be liberally construed to accomplish the purpose intended, [namely] to settle legal rights and remove uncertainty and

insecurity from legal relationships." *Nautilus Insurance Company v. Winchester Homes Inc.,* 15 F.3d 371, 375 (4th Cir. 1994)(*internal quotations omitted*).

There are no rules which specify which parties are needed for a just adjudication of a declaratory judgment action, but the general principles of joinder control. *Allstate Insurance Co. v. Daniels,* 87 F.R.D. 1, 3 (W.D. Okla. 1978) *citing State Farm Mutual Automobile Insurance Co. v. Mid-Continent Casualty Co.,* 518 F.2d 292 (10th Cir. 1975). Federal Rule of Civil Procedure, Rule 19, sets forth the following, in pertinent part: "A person … shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties…" F.R.C.P. 19. Thus, to effectuate the purpose of the Declaratory Judgment Act, all parties whose legal rights are implicated in a declaratory judgment action should be joined and bound by the declaratory judgment action.

The facts as alleged in the Complaint present several scenarios under which a declaration of the parties' rights relevant to the insurance policy implicates Ace's interests. In this declaratory judgment action, Plaintiff seeks a declaration as to the parties' respective rights and obligations relevant to the insurance policy in question. This will likely result in a determination as to whether the insurance policy issued by the Plaintiff provides coverage for this loss.

A determination that there is no coverage for the loss will likely result in a claim brought by the insured against Ace. Coverage may be denied as the building was "vacant"[3] at the time of loss. The insureds may claim the building was only "vacant," because the insurance application erroneously listed the building having the majority of its apartments occupied. As Mr. Matthews requested a policy covering a building where the majority of the apartments were vacant, if the

---

[3] The building and personal property policy excludes losses caused by vandalism and water damage where the building was vacant for more than 60 consecutive days prior to the date of loss. Compl. ¶31.

6

Court determines there is no coverage, the insureds may contend Ace is liable for the loss.[4]
Under D.C. law, an "insurance agent [or broker] may have affirmative duties to his clients" *Adkins & Ailey, Inc. v. Busada,* 270 A.2d 135, 136 (D.C. App. 1970)(*internal quotations omitted*), and "insurance brokers who obtain insurance for others are bound to exercise reasonable care and skill in making inquiries and obtaining information concerning the responsibility of the insurer with whom they place the risk, and may be held liable for any loss occasioned by the want of such care." *Mallery v. Frye,* 21 App. D.C. 105, 119 (1903). Therefore, should the Court determine there is no coverage for the loss under the insured's policy of insurance with the Plaintiff, because of the policy terms and the policy application, the insureds could bring a claim against Ace for breaching its duty to the insureds. If Ace is not a party to this declaratory judgment action, it will not be bound to any determination made by this Court and as such a suit by the insured may result in inconsistent judgments.

  A determination that the loss is covered also implicates Ace's interest. Under D.C. law, where "a valid policy exists and… by reason of the mutual mistake on the part of both parties to the contract, the policy does not conform to the actual agreement made by the parties," there is justification for the reformation of an insurance contract. *Penn Mutual Ins. Co. v. Abramson,* 530 A.2d 1202, 1210-11 (D.C. App. 1987)(*internal quotations omitted*). A reformation of the insurance contract will also directly implicate Ace's interests. If the contract of insurance is rescinded and reformed, then Ace may be liable to Lloyd's for the payment made by Lloyds' to the insured under the reformed insurance policy, as Lloyd's may claim they would not have insured the building had the insurance application contained an accurate description of the

---

[4] The application for the policy indicated the building had twenty-two rented apartments and five vacant apartments. Compl. ¶ 12.

7

policy. However, without Ace's inclusion in this action, any judgment may not be adequate to conclude a complete resolution of the controversy.

In its motion to dismiss, Ace asserts that the rights and responsibilities of the respective parties to the insurance contract can be decided without its presence. Ace cites to four cases which it alleges support its position that an insurance agent or broker is not a necessary party in a declaratory judgment action regarding the rights and responsibilities of parties to an insurance contract. However, Ace's reliance on these cases is misplaced as these cases address distinguishable issues and do not involve situations where the agent or broker has potential liability to the insurer or insured.

*Coregis Insurance Company v. Wheeler,* addresses the distinguishable issue of whether a broker is a necessary party to a declaratory judgment action regarding coverage under an insurance policy where there was no independent basis of liability against the insurance broker. 180 F.R.D. 280, 283 (E.D. Pa. 1998). *Cornhill Insurance* is inapposite from the present case as it considered whether an insurance broker and agent were indispensable parties under F.R.C.P. 19(b) whose joinder to a declaratory judgment action filed by insurers and underwriters regarding insurance coverage was required for the action to proceed. *Cornhill Ins. PLC v. Valsamis, Inc.,* 106 F.3d 80 (5th Cir. 1997) *revised opinion reported at 1997 U.S. App. LEXIS 12773* (5th Cir. 1997). Neither *American Equity v. Lignetics,* 284 F. Supp. 2d 399 (N.D.W.Va. 2003), nor *Commercial Cas. Ins. Co. v. Kinann,* 2003 WL 21321373 (N.D. Cal. 2003) addresses the issue of whether a party is interested or necessary to a declaratory judgment action. In *American Equity,* the court addressed cross motions for summary judgments filed against the insured regarding the insurer and the insurance agent's duty to defend and indemnify the insured

under the policy of insurance and was not faced with the issue of whether an insurance agent was an interested party to a declaratory judgment action filed against it by an insured.[5] 284 F. Supp. 2d 399. *Commerical Cas.,* concerned the issue of whether a subsequently filed state court action against an insurance broker provided a basis for the federal court to decline to exercise its discretion to hear an insurer's declaratory judgment action. 2003 WL 21321373. These cases do not provide guidance on the issues present in this declaratory judgment action, namely whether an insurance broker who is potentially liable to the plaintiff or the defendants in a declaratory judgment action is an interested party that should be joined to the action and bound to its outcome.

      Whatever the Court's determination with regard to coverage of this claim, Ace's rights are implicated. "The joining of all persons who have an interest in the determination of the questions raised is necessary for the full disposition and fulfills the basic function of the Declaratory Judgment Act." *Diamond Shamrock Corp. v. Lumbermens Mut. Cas. Co.,* 416 F.2d 707, 711 (7th Cir. 1969). As Ace's potential liability and interests are implicated in the potential outcomes of this declaratory judgment action, Ace should be bound to any determination this Court may make in this declaratory judgment action and Ace's motion to dismiss should be denied. By including Ace in this declaratory judgment action this Court will not only eliminate the additional expense of relitigating these issues, it will also eliminate the risk of Ace obtaining an inconsistent judgment in a separate court. Without Ace's inclusion in this action, any

---

[5] The court also considered the motion for summary judgment filed by third party claimants and the insurer's motion to sever and stay the third party complaint filed by the insured against the insurer and insurance agents. 284 F. Supp. 2d 399. The insurer so moved as the complaint included a claim for defense and indemnification of the insured in the insurer's declaratory judgment action against it. *Id.* at 401-02. The court denied this motion, as it did not concern the rights and duties of the insurer and was filed on the morning of oral argument of the parties' motions for summary judgment. *Id.* at 402. The court stated, "staying the third-party complaint would delay a ruling on [the insurance agent's] fully briefed motion for summary judgment." *Id.*

9

judgment may not be adequate to conclude a complete resolution of this controversy. Thus, Ace's Motion to Dismiss should be denied.

> ### b. *Plaintiff has alleged sufficient evidence to demonstrate a dispute of material fact exists with regard to Ace's negligence in procuring the policy of insurance with Lloyd's.*

Ace has moved this Court to enter judgment in its favor alleging that the Plaintiff has not and cannot state a cause of action against Ace, because in acting on behalf of Lloyd's in procuring insurance policies for a client Ace may not be liable for damages caused by a breach of the insurance contract by the insurance company. Ace's claim that a breach of contract claim is the only potential claim that may arise from this declaratory judgment act mischaracterizes and misinterprets the facts as alleged in Lloyd's Complaint. Although Lloyd's has not brought a cause of action against Ace, a potential cause of action could be brought against Ace by either Lloyd's the insurer or the insured of the policy at issue in this declaratory judgment action.

As discussed previously, an "insurance agent may have affirmative duties to his clients" *Adkins & Ailey, Inc. v. Busada,* 270 A.2d 135, 136 (D.C. App. 1970), and insurance "brokers who obtain insurance for others are bound to exercise reasonably care and skill in making inquiries and obtaining information concerning the responsibility of the insurer with whom they place the risk, and may be held liable for any loss occasioned by the want of such care." *Mallery v. Frye,* 21 App. D.C. 105, 119 (1903). Ace itself points out in its motion that an insurance agent may be held responsible for any damage that results from his failure to exercise reasonable care in the exercise of his employment. Def. Ace's Mot. at 10 *citing Max Holtzman, Inc. v. K&T Co., Inc.,* 375 A.2d 510, 514 (D.C. 1977).

In this case there is substantial evidence pointing to Defendant Ace's failure to exercise reasonable care in obtaining the policy of insurance on the property. The undisputed facts are that 1.) Ace prepared an application of insurance for the property; 2.) this application did not accurately reflect the buildings on the property, the number of occupied apartments, or the intended insureds. Ace contends that any error made in the application of insurance was a result of an error made by Mr. Matthews in providing Ace the information.

Both Mr. Matthews's sworn testimony in his examination under oath as representative of Ezana and the insurance policy refute this contention. If the policy of insurance accurately reflected the information provided by Mr. Matthews, then the policy would not contain inconsistent statements regarding the number of buildings on the property and there would not have been a need for the unprompted issuance of the endorsement naming Mr. Karrakchou as an additional insured. Additionally, Mr. Matthews asserts in his examination under oath, that he did not provide erroneous information to Ace. Thus, an issue of material fact exists as to whether Ace was negligent in applying for and procuring the policy of insurance from the Plaintiff. Under these disputed facts, a reasonable jury could conclude Defendant Ace was negligent in procuring the policy of insurance on the property. As a result, a summary judgment finding is not appropriate here and Defendant's motion should be denied.

## V.   CONCLUSION

For the reasons stated above, the Plaintiff respectfully requests that this Court deny Defendant Ace's Motion to Dismiss and/or Motion for Summary Judgment.

Respectfully submitted,

_____/s/_____
JEFFREY A. WOTHERS, Bar No. 436137
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202-6185
(410) 783-6365
*Counsel for Plaintiff*

12

**CERTIFICATE OF SERVICE**

I hereby certify, that on this 19th day of January, 2006, a copy of the foregoing Opposition to Defendant Ace Insurance of VA Inc.'s Motion to Dismiss and/or for Summary Judgment and Proposed Order was sent via this court's electronic filing system to:

James T. Zelloe, Esquire
Stahl, Forest & Zelloe, P.C.
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030
*Counsel for Abid Karrakchou, Mekki, LLC, and Ezana Corporation*

Paul J. Maloney, Esquire
Cedric D. Miller, Esquire
CARR MALONEY P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
*Counsel for Ace Insurance of VA, Inc.*

                                                  /s/
                                   Jeffrey A. Wothers