IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO CERTIFICATE NUMBERS 0475/ATR040, 0382/DPM054, and 0984/SMP579** : : : : *Plaintiff,* : v. : **EZANA CORPORATION, et al.** : : *Defendants.* : | Civil Case No.: 1:05CV02076 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### LOCAL RULE 16.3(D) MEET AND CONFER STATEMENT

Pursuant to Local Rule 16.3(d), Plaintiff and Defendants, by their undersigned counsel, hereby submit this meet and confer report in the above-captioned case. Counsel for Plaintiff and Defendants conducted a conference pursuant to Local Rule 16.3(d) on January 25, 2006. In accordance with this Court's Order for Initial Scheduling Conference, as well as the General Order and Guidelines for Civil Cases, the parties submit below their proposed scheduling order, and its own meet and confer report based on the conference.

1. **Brief Statement of Facts:** Pursuant to 28 U.S.C. §2201, Plaintiff ("Lloyds") filed this declaratory judgment action seeking to determine a binding adjudication of rights to clarify and settle the legal relations that presently exist between Lloyds and the Defendants, Ezana Corporation ("Ezana"), Abid Karrakchou, Mekki, LLC ("Mekki"), and Ace Insurance of VA, Inc. ("Ace").

In June of 2004, Ezana and Mekki purchased a property located at 5005 through 5009 D. Street, S.E. in Washington D.C. (hereinafter the "property") with the intention of owning and in

time renovating the building into condominiums.  On or about June 28, 2004, Mr. Alexander Matthews, the president of Ezana, employed Ace to purchase a policy of insurance to cover the property.  There are conflicting documents and information regarding the information that was given to Ace by Alexander Matthews in applying for insurance**.**  Based on the application, Lloyd's issued a commercial general liability policy and a building and personal property policy to Ezana.  On or about October 25 or 26, 2004, vandalism occurred to the property while Ezana and Mekki were under contract to sell the property.  Specifically, vandals broke into the building, cut into the walls and the main feeder route for the electrical work and took out copper piping, including the sewage pipe, water pipe and the main electrical line to the building.  As a result of this vandalism, water flowed from Ezana's and Mekki's building into a neighboring building.  On or about December 9, 2004, Mr. Matthews reported the property loss to Lloyd's.

Pursuant to the provisions of the policy, Plaintiff contends that the policy does not provide coverage for the damages to the property.  Plaintiff seeks this Court to enter judgment declaring the parties' respective rights and obligations with respect to the claims asserted by the Defendants with regard to the loss they have sustained.

2. **Pending Motions:** A Motion to Dismiss or in the Alternative Motion for Summary Judgment submitted by the Defendant, Ace, was filed on December 23, 2005.  Plaintiff's Opposition was filed on January 20, 2006.  Ace's Reply is due on or before January 27, 2006.  Discovery and other matters should await a decision on the motion.

3. **Amendments to Pleadings:** Ace may wish to add AllRisks as a party to this case.  The parties agree that Requests for Amendment of pleadings should be in accordance with Federal Rule 15.

4. **Assignment to a Magistrate Judge:** The parties do not consent to the assignment of this case to a Magistrate Judge at this time.

5. **Possibility of Settlement:** The parties believe mediation with a magistrate judge would be appropriate after completion of discovery.

6. **Alternative Dispute Resolution**: See No. 5 above.

7. **Dispositive Motions**: The case may be disposed of by motion once discovery has been completed. If either party decides to file a Dispositive Motion, the parties agree that the final Dispositive motions will be due no later than forty-five (45) days after the close of discovery. Pursuant to LCvR 7, oppositions will be due within 11 days of the date of service or at such other time as the Court may direct. In addition, Reply Memorandums will be due within five days after service of the memorandum in opposition.

8. **Initial Disclosures:** The parties agree that initial disclosures under Rule 26(a)(1) shall be waived.

9. **Discovery Schedule:** The parties agree to adopt the following discovery schedule:

   a. Exchange Witness Lists                                45 days
   b. Deadline for Post Rule 26(a) Discovery Requests       60 days
   c. Proponent's Rule 26(a)(2) Statements                  90 days
   d. Opponent's Rule 26(a)(2) Statements                   120 days
   e. All discovery closed                                  150 days

The parties agree that all time-frames in the above discovery schedule should be

calculated from the date of the ruling on the Motion to Dismiss or in the Alternative Motion for Summary Judgment filed by the Defendant, Ace.  The parties anticipate taking no more than six (6) depositions and agree that they should be in accordance with LCvR 26.2.  The parties agree that the number of Interrogatories should be in accordance with FED. R. CIV. P. 33.  At this time, the parties do not foresee the necessity of a protective order.

      10.    **FED. R. CIV. P. 26(b)(4)  and Expert Depositions:** The parties agree that depositions and discovery of experts should be completed by the close of discovery.

      11.    **Bifurcated Trial/Discovery:** The parties agree that neither discovery in this case nor the trial should be bifurcated as declaratory relief is sought.

      12.    **Pretrial Conference Date:**  The parties request that a pretrial conference be held within twenty (20) days after the Court rules upon dispositive motions or, if no dispositive motion is filed, then within thirty (30) days after the close of discovery.

      13.    **Trial Date:**  The parties agree that the trial date should be set at the pretrial conference.

      14.    **Other Matters**:    Ezana conveyed its 25% interest in the property to Mekki on January 25, 2005.  In late December 2005, Ezana filed for Chapter 11 in the Eastern District of Virginia due to problems in re-financing a Note on a single family estate.  It is our understanding that an agreement has been reached between the secured party and Ezana whereby Ezana has until February 15, 2006 to obtain financing.  If Ezana can not obtain financing by February 15, 2006, the property will be auctioned off, and the Chapter 11 will be wrapped up. Ezana is not claiming any interest in the insurance proceeds of this matter, as they have been assigned to Abid Karrakchou and Mekki.

Case 1:05-cv-02076-PLF    Document 12    Filed 01/27/2006    Page 5 of 7

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| **JEFFREY A. WOTHERS, Bar No. 436137** | **PAUL J. MALONEY, Bar No. 362533** |
| Niles, Barton & Wilmer, LLP | **CEDRIC D. MILLER, Bar No. 464651** |
| 111 S. Calvert Street, Suite 1400 | Carr Maloney P.C. |
| Baltimore, Maryland 21202-6185 | 1615 L Street, N.W., Suite 500 |
| (410) 783-6365  (Telephone) | Washington, D.C. 20036 |
| (410) 783-6363 (Facsimile) | (202) 310-5500  (Telephone) |
| *Counsel for Plaintiff* | (202) 310-5555  (Facsimile) |
| | *Counsel for Defendant Ace Insurance* |
| | *of VA, Inc.* |

/s/
**RICHARD J. STAHL, Bar No. 218677**
**JAMES T. ZELLOE, Bar No. 395126**
Stahl, Forest & Zelloe, P.C.
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030
(703) 691-4940 (Telephone)
(703) 691-4942 (Facsimile)
*Counsel for Defendants Ezana Corp.,*
*Mekki, LLC, and Abid Karrakchou*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January, 2006, a copy of the foregoing Joint Local Rule 16.3 Conference was sent via this Court's electronic filing system to:

Richard J. Stahl, Esquire
James T. Zelloe, Esquire
Stahl, Forest & Zelloe, P.C.
11350 Random Hills Road, Suite 700
*Counsel for Defendants Ezana Corp.,*
*Mekki, LLC, and Abid Karrakchou*

Paul J. Maloney, Esquire
Cedric D. Miller, Esquire
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
*Counsel for Defendant Ace*
*Insurance of VA, Inc.*

                                              /s/
                                  Jeffrey A. Wothers