UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S SUBSCRIBING TO CERTIFICATE NUMBERS 0475/ATR040, 0382/DPM054, and 0984/SMP579,<br><br>Plaintiff,<br><br>v.<br><br>EZANA CORPORATION, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Case No.: 1:05-cv-2076 (PLF)<br>:<br>:<br>:<br>: |

### REPLY TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ACE INSURANCE OF VA, INC.'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

Defendant's, Ace Insurance of VA, Inc. ("Ace Insurance"), by counsel, CARR MALONEY P.C., Reply to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant Ace Insurance of Va. Inc.'s Motion to Dismiss and/or for Summary Judgment, and renewal of its request for the entry of an Order of Dismissal and/or for Summary Judgment in favor of this Defendant and against Plaintiff based upon Plaintiff's failure to state a claim upon which relief can be granted and/or Plaintiff's failure to establish any genuine issue of material fact as to this Defendant.

### I.   ARGUMENT

a. **Ace Insurance is not an "Interested Party" Within the Meaning of the Declaratory Judgment Act.**

Ace Insurance is not an interested party within the meaning of the Declaratory Judgment Act. The Declaratory Judgment Act, in pertinent part, provides: "[i]n a case of actual controversy within its jurisdiction ... any Court of the United States, upon the filing of an appropriate pleading

Reply to Opposition

may declare the rights and other legal relations of any *interested party* seeking such declaration ...." 28 USCA §2201(a) (emphasis added). Plaintiff's plain reading of this statutory provision leads it to assume that the term "interested party" attaches to any defendant who may have an interest in the ultimate outcome of the declaratory judgment action. However, Plaintiff is incorrect in its assumption.

As the term "interested party" relates to the Declaratory Judgment Act, the term simply "involves the legal concept of standing, that is, whether the named *plaintiff* is the proper party to seek the declaratory relief adjudication of a particular issue." *See e.g.*, 12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 57.22[4] (3rd ed. 2001) (citing W*arth v. Seldin*, 422 U.S. 490 (1975); *Lepage v. Yeutter*, 917 F.2d 941 (2d Cir. 1990); *Frissell v. Rizzo*, 597 F.2d 840, 843 (3d Cir. 1979); and *Reardon v. Pennsylvania-New York Cent. Transp. Co.*, 323 F. Supp. 598, 599 (D. Ohio 1971)). The term simply does not involve which defendants may or may not be joined in a declaratory judgment action. In fact, this principle was affirmed by the United States Court of Appeals for the Sixth Circuit in *Reardon v. Pennsylvania-New York Central Transportation Company*, where that court, in refusing to join a defendant based upon the interested party concept in the Declaratory Judgment Act, held that "the term interested party refers to one seeking a declaration of rights, not to those who may be joined as parties defendant to such an action." 323 F. Supp. 598, 599 (D. Ohio 1971).[1]

Accordingly, Plaintiff should be prohibited from using the term "interested party" as a

---

[1] Interestingly, although All Risks actually passed the allegedly inaccurate insurance policy information on to Plaintiff, and affirmed in written correspondence that it would conduct an inspection of the premises within thirty-days for policy approval purposes, Plaintiff appears to have affirmatively chosen not to join All Risks in the current declaratory judgment action. It would appear that if the Court rules that Ace Insurance must remain in this action, that All Risks must be joined as well because any alleged breach of care attributable to Ace Insurance would be superseded by All Risks' inspection or failure to inspect the premises.

reply to opposition                                       2

catch-all phrase that would allow it to join any defendant to this action who may have an interest in its ultimate outcome – especially where the interest is extremely remote or may not exist at all. Using the concept of "interested party" to ascertain who may be joined as a party defendant is clearly incorrect and improper, and because Plaintiff's entire argument for joining Ace Insurance is supported exclusively by this concept, once the concept is removed, as has been done here, Plaintiff can state no additional, persuasive basis for keeping Ace Insurance in the present action.

Furthermore, as Plaintiff clearly concedes in its opposition motion, "[i]n this declaratory judgment action, Plaintiff seeks a declaration as to the parties' respective rights and obligations relevant to the insurance policy in question. This will likely result in a determination as to whether the insurance policy issued by the Plaintiff provides coverage for this loss." (See Pl.'s Opp. Mot. At 6.) Obviously, Ace Insurance was not and is not a party to the insurance policy.[2] Because Ace was not a party to the insurance policy, its rights and obligations are not affected, one way or the other, by the Court's resolution of the coverage issue. Simply, the Court's resolution of the insurance coverage issue does not involve Ace Insurance. The central issue to be resolved by the filing of this declaratory judgment action is whether there is, or is not, coverage. The more abstract issues involving Ace Insurance, i.e., whether Ace's acts and/or omissions resulted in any alleged breach in the standard of care, are not sufficiently immediate or concrete to create the requirement of a real controversy. *See e.g., Brigade v. Chief of Capital Police*, 342 F. Supp. 575, 581-82 (D. D.C. 1972); *Newton v. State Farm Fire & Casualty Co.*, 138 F.R.D. 76, 78 (E.D. Va. 1991); *Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1273-74 (10th Cir. 1989); and, *Armstrong World Indus.*

---

[2] An insurance agent, acting on behalf of a disclosed carrier principal in procuring insurance policies for a client does not become a party to the insurance contract, and may not be liable for damages caused by breach of the insurance contract by the insurance company. *Emersons, Ltd. v. Max Wolman Co.*, 388 F. Supp. 729, 735 (D. D.C. 1975).

reply to opposition                                  3

*v. Adams*, 961 F.2d 405, 420-22 (3d Cir. 1992);

Finally, it is also worthy to note that while Plaintiff asserts that none of the cases cited by Ace Insurance (which, by the way, clearly demonstrate that an agent/broker is not a necessary party to a declaratory judgment action between and insurer and an insured) are applicable, Plaintiff has failed to cite a single case in support of it's argument that Ace Insurance, as agent, is necessary or indispensable in an action by an insurer against an insured.

Therefore, for the foregoing reasons, Ace Insurance respectfully requests that the Court grant its motion to dismiss and/or for summary judgment.

b.  **Plaintiff cannot Maintain any Cause of Action Against Ace Insurance.**

As previously discussed in Ace's motion to dismiss and/or for summary judgment, District of Columbia law is abundantly clear that Ace Insurance, acting on behalf of Plaintiff, in procuring an insurance policy for the Defendant insureds, does not become a party to the insurance contract, and may not be held liable for damages caused by breach of the insurance contract by the insurance company. *Emersons, Ltd. v. Max Wolman Co.*, 388 F. Supp. 729, 735 (D.C.D.C. 1975).

Furthermore, it is indisputable that Mr. Bekele, of Ace Insurance, submitted the application for the insurance policy to All Risks, Plaintiff's broker, with all the information provided by Mr. Matthews. Thereafter, a binder was issued subject to a completed, signed application, as well as to an inspection of the property within 30 days. *See* Letter attached hereto as Exhibit A. As such, Plaintiff and All Risks were in a position to determine whether the information provided by Mr. Matthews was accurate. Their failure to ascertain the accuracy of this information does not impute liability to Ace Insurance, as Ace Insurance had no independent duty to verify whether information provided by Mr. Matthews was accurate. As a result, Ace Insurance maintains that no cause of

action has been or can be stated against it, and therefore, it is entitled to judgment in its favor.

## II.  CONCLUSION

For the foregoing reasons, this Defendant respectfully requests that the Court grant its motion to dismiss and/or for summary judgment.

Respectfully submitted,

CARR MALONEY P.C.

By:  _____/s/_____

Paul J. Maloney, #362533
Cedric D. Miller, #464651
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S SUBSCRIBING TO CERTIFICATE NUMBERS 0475/ATR040, 0382/DPM054, and 0984/SMP579, | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 1:05cv2076 (PLF) |
| EZANA CORPORATION, *et al.*, | : | |
| Defendants. | : | |

## **O R D E R**

UPON CONSIDERATION of Defendant Ace Insurance of VA, Inc.'s Motion to Dismiss and/or for Summary Judgment, the opposition thereto, and this Defendant's Reply, it is by this Honorable Court on this ____ day of _____, 2006

ORDERED that Defendant Ace Insurance of VA, Inc.'s Motion be, and the same hereby is GRANTED; and it is further

ORDERED, that judgment be and the same hereby is ENTERED in favor of Ace Insurance of VA, Inc. and against Certain Interested Underwriters at Lloyd's of London.

_____
Judge Paul L. Friedman

Copies To: (next page)

reply to opposition                         6

cc:   Paul J. Maloney, Esquire
      Cedric D. Miller, Esquire
      Carr Maloney P.C.
      1615 L Street, N.W., Suite 500
      Washington, D.C. 20036

      Jeffrey A. Wothers, Esquire
      Niles, Barton & Wilmer, LLP
      111 S. Calvert Street
      Suite 1400
      Baltimore, Maryland 21202-6185

      James T. Zelloe, Esquire
      Stahl, Forrest & Zelloe, P.C.
      11350 Random Hills Road
      Suite 700
      Fairfax, Virginia 22030

# EXHIBIT A



Corporate Office
10150 York Road, 5th Floor
Hunt Valley, MD 21030
(800) 366-5810 or (410) 828-5810
Fax: (410) 828-8179
www.allrisks.com

*To: Alex*

*Please be notified Sam of Ace Ins.*

B06/29/04

ACE INSURANCE SERVICES, INC.
7794 BALLSTON DRIVE
SPRINGFIELD VA  22153

ATTN: SAMUEL BEKELE

RE:    EZANA CORP
POLICY: 0475/ATR049

    THIS IS TO ADVISE YOU THAT AN INSPECTOR WILL BE CONTACTING THE INSURED TO SET UP AN APPOINTMENT TO OBTAIN AN INTERIOR INSPECTION.  AT THE COMPANY'S REQUEST, WE MUST OBTAIN AN ANNUAL INTERIOR INSPECTION ON ALL BUSINESS.  PLEASE BE SURE THE INSURED IS AWARE THAT SOMEONE MUST BE PRESENT TO ALLOW THIS INSPECTION AND TO PROVIDE FINANCIAL INFORMATION BASED ON THE POLICY RATING.

    SHOULD YOU HAVE ANY QUESTIONS REGARDING THE ABOVE PROCEDURES, PLEASE FEEL FREE TO CONTACT OUR OFFICE.

    FOR PROPERTY RISKS, THE MOST COMMON RECOMMENDATION AT THE TIME OF INSPECTION IS THE NEED TO SERVICE AND RETAG FIRE EXTINGUISHERS.  IF THIS APPLIES TO YOUR INSURED, PLEASE MAKE THEM AWARE OF THIS REQUIREMENT PRIOR TO INSPECTION.

                                          SINCERELY,

                                          Barbara Mulliken

SREBBERT



SB 029